# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TONY ANDERSON, #B-16044, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 10-cv-904-MJR |
| | ) | |
| MICHAEL RANDLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that the claims in the complaint may be dismissed at this point in the litigation.

**Facts:**

The following version of the facts of this case are gleaned from Plaintiff's complaint (Doc. 1). In November 2008 Plaintiff began suffering from an ulcer and a swollen groin. Plaintiff wrote a grievance to Defendant Cowan regarding the medical emergency, but Defendant Cowan denied the grievance, and Defendant Gaetz signed off on the denial. This grievance was then sent to Defendant Randal, who forwarded it to Defendant Fews who ultimately denied it. Plaintiff filed two more grievances with Defendant Cowan, and they were denied for timeliness. Plaintiff contacted Defendant Miller, who determined that there was no emergency, and denied Plaintiff's grievances.

Plaintiff saw Defendant Fuentes in June 2009, who informed Plaintiff that there was an infection, and prescribed various medications for treatment. A month later Plaintiff saw Defendant Krieg for the same reason, and was prescribed a different medication for treatment. Plaintiff saw Defendant Nwaobasi for his condition in September 2010. Defendant Nwaobasi took Plaintiff's blood pressure, but otherwise did not provide Plaintiff with further treatment. Plaintiff then wrote letters to Defendants Gaetz, Brown, Fahim, Platt, Kreig, and Shicker alleging the inadequate medical treatment in an attempt to receive outside treatment. Defendant Shicker responded that Plaintiff was being treated appropriately, so there would be no need for outside treatment. Defendant Fahim also rejected Plaintiff's request for outside treatment and surgery.

**Discussion:**

Plaintiff alleges that he has been subjected to deliberate indifference of his medical needs. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

> To Prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000) However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the

denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering"). The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (Courts will not take sides in disagreements with medical personnel's judgments or techniques). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (*discussing Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996)).

Plaintiff alleges that he made Defendants Randle, Fews, Miller, Shicker, Gaetz, Fahim, Brown, Kreig, Fuentes, Platt, Nwaobasi, and Cowan aware of his need for medical treatment, but that his requests were ignored. However, Plaintiff states in his complaint that Defendants Krieg, Fuentes, and Nwaobasi, the prison doctors, each saw him and provided some form of treatment, albeit not the treatment which Plaintiff would have preferred. Even if this treatment was not the most current or accurate treatment for his condition, this is not enough to state an Eighth Amendment claim. *See Duckworth* 532 F.3d at 679. Because he did receive treatment, this claim for medical indifference is denied with prejudice.

As to Defendants Randle, Fews, Miller, Shicker, Gaetz, Fahim, Brown, Platt, and Cowan, Plaintiff seems to think that any prison employee who knows (or should know) about his problems has a duty to fix those problems. That theory is in direct conflict with the well-established rule that

4

"public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat superior does not apply to § 1983 actions). As Chief Judge Easterbrook has stated:

> Public officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to [results] That can't be right. *See Durmer v. O'Carroll*, 991 F.2d 64 (3d Cir. 1993).

*Burks*, 555 F.3d at 595.

Plaintiff wrote grievances and letters to Defendants Randle, Fews, Miller, Shicker, Gaetz, Fahim, Brown, Platt, and Cowan, regarding the situation. The grievances were answered, though not in the way Plaintiff would have liked. However, this does not state a cause of action. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired). The letters did not impose a duty on their recipients to set right the wrongs of other prison employees. Because there is no duty to respond favorably to grievances or to respond at all to letters, this claim is dismissed with prejudice.

**Disposition:**

**IT IS HERE BY ORDERED** that Defendants **RANDLE, FEWS, MILLER, SHICKER, GAETZ, FAHIM, BROWN, KREIG, FUENTES, PLATT, NWAOBASI,** and **COWAN** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED**, with prejudice, pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: March 11, 2011**          /s/ MICHAEL J. REAGAN
                                    **U.S. DISTRICT JUDGE**